**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| EUGENIA COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2025-1091-SEM |
| | ) | |
| SIMONE RAYFIELD, Executor, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS

WHEREAS, on September 25, 2025, Eugenia Cole (the "Plaintiff") filed a complaint (the "Complaint") against Simone Rayfield (the "Defendant") in her role as executor of the estate of Dwight J. Cole (the "Estate");[1]

WHEREAS, the Complaint, styled as a "Request to Halt Sale of Estate," alleges that the Defendant engaged in self-dealing against the best interest of the heirs of the estate and seeks an order for certain real property to be sold on the open-market;[2]

WHEREAS, concurrent with the Complaint, the Plaintiff filed exhibits enclosed in a singular file that, in addition to labeled exhibits, contain multiple documents including a "Petition to Halt Private Sale of Estate Property," (the "Petition") and an "Emergency Request for Halt Sale of Estate Property," (the

---

[1] Docket Item ("D.I.") 1 ("Compl.").

[2] Compl. at 3.

1

"Request") as well as a proposed order granting the Request;[3]

WHEREAS, the Plaintiff filed an application to proceed *in forma pauperis*, in which the Plaintiff wrote "I am bringing this issue to the courts in an effort to honor my brothers [sic] wishes. I do not receive any financial gains[;]"[4] finding the Plaintiff's income and assets above the qualifying limits, I denied the application on September 23, 2025; the Plaintiff, thereafter, paid the filing fee for this action;

WHEREAS, on October 14, 2025, the Defendant filed a motion to dismiss (the "Motion") under Court of Chancery Rule 12(b), arguing that the Plaintiff lacks standing because the Plaintiff is neither a beneficiary, executor, or creditor under the decedent's last will and testament nor under the codicil of Dwight J. Cole;[5]

WHEREAS, the Plaintiff responded on October 28, 2025, arguing that she was an "alternate executor and co-trustee" under a previous addendum to the will;[6] to support this claim, the Plaintiff attached an unsigned and unnotarized addendum, purportedly executed the day before the operative codicil;[7]

WHEREAS, on November 10, 2025, the Defendant filed a reply brief in

---

[3] D.I. 4.

[4] D.I. 5.

[5] D.I. 14 ("Mot.") ¶ 2.

[6] D.I. 16.

[7] D.I. 17.

further support of the Motion;[8] on November 21, 2025, the Plaintiff moved to file a sur-reply, attaching the proposed sur-reply; I granted that motion and took this matter under advisement on November 24, 2025;[9]

WHEREAS, the following facts are accepted as true solely for purposes of adjudicating the Motion:[10]

A.      On June 12, 2018, Dwight J. Cole (the "Decedent") executed his last will and testament.[11] He amended that will by specific directive codicil on October 17, 2024.[12] The codicil names the Defendant as Executrix of the Estate, and names the Defendant and nonparties Tyree Eugene Cole, Jeavon Cole Sutton-Rayfield, R.W.R., M.E.C., and S.D.R. as beneficiaries.[13]

B.      In pertinent part, the codicil directs the Executrix to sell the Decedent's home—22 Broadleaf Drive, Newark, DE 19702 (the "Property")—"immediately upon [the Decedent's] death, and the proceeds from the sale shall be distributed [to the beneficiaries.]"[14]

---

[8] D.I. 18.

[9] D.I. 20, 23.

[10] *See Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 318 (Del. 2004) ("Under Rule 12(b)(6), the facts alleged in the complaint are taken as true.").

[11] Mot. Ex. A.

[12] Compl. Ex. A.

[13] *Id*. The previous will named "Simone Danette Cole and Tyree Eugene Cole" as Co-Executors and disposed of all Estate property to the same. Mot. Ex. A.

[14] Compl. Ex. A.

C.     After the Decedent's death, the Plaintiff learned that the Defendant planned to conduct a private sale of the Property at its appraised value.[15] The Plaintiff believes that a private sale does not satisfy the directive that the property be sold "as soon as practicable."[16]

D.     Through email correspondence with the Defendant, beneficiary Tyree Eugene Cole opposed the private sale, arguing "my father didn't want either of his kids to own the house, i was kicked out of my home and lied on so this could all take place also if the house is half mine how can she buy something im not willing to sell her?"[17]

WHEREAS, under Court of Chancery Rule 12(b)(6) "the court (i) accepts as true all well-pleaded factual allegations in the complaint, (ii) credits vague allegations if they give the opposing party notice of the claim, and (iii) draws all reasonable inferences in favor of the plaintiff[;] [w]hen applying this standard, dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof[;]"[18] the Court

---

[15] D.I. 4 ("Pet.").

[16] Pet.

[17] Compl. Ex. C.

[18] *Delawareans for Educ. Opportunity v. Carney*, 2018 WL 4849935, at *9 (Del. Ch. Oct. 5, 2018).

"need not accept conclusory allegations as true, nor should inferences be drawn unless they are truly reasonable[;]"[19]

WHEREAS, "[t]he term 'standing' refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or to redress a grievance. Standing is a threshold question that must be answered by a court affirmatively to ensure that the litigation before the tribunal is a case or controversy that is appropriate for the exercise of the court's judicial powers. The issue of standing is concerned only with the question of *who* is entitled to mount a legal challenge and not with the merits of the subject matter controversy[;]"[20]

WHEREAS, "state courts apply the concept of standing as a matter of self-restraint to avoid the rendering of advisory opinions at the behest of parties who are intermeddlers[;]"[21]

WHEREAS, to have standing, a plaintiff must prove (1) it "suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) there is "a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant and not the result

---

[19] *MaD Invs. GRMD, LLC v. GR Cos.*, 2020 WL 6306028, at \*2 (Del. Ch. Oct. 28, 2020).

[20] *Dover Hist. Soc. v. City of Dover Plan. Comm'n*, 838 A.2d 1103, 1110 (Del. 2003) (citations and quotations omitted) (emphasis in original).

[21] *Id*. at 1111.

of the independent action of some third party not before the court; and" (3) it is "likely as opposed to merely speculative, that the injury will be redressed by a favorable decision[;]"[22]

WHEREAS, in the estate context:

[a] petitioner has standing to challenge a fiduciary's actions taken to the detriment of a decedent's estate where the petitioner has standing to challenge the decedent's will. In the context of a will challenge or caveat, standing depends on whether the petitioner is an interested person whose interest must be pecuniary and one detrimentally affected by the will, and not a mere sentimental interest. A beneficiary named under the decedent's current or prior will has standing to bring a caveat challenging the validity of a will before it is admitted to probate. And where the decedent's current and prior wills disinherit the petitioner, the petitioner is an interested person with standing to challenge a will if she would be an intestate beneficiary.[23]

WHEREAS, for a codicil to be enforceable under Delaware law, it must comply with the requirements of 12 *Del. C.* § 202(a);[24] the codicil must be "(1) [i]n writing and signed by the testator or by some person subscribing the testator's name in the testator's presence and by the testator's express direction; and (2) . . . attested and subscribed in testator's presence by 2 or more credible witnesses[;]"[25]

---

[22] *Burkhart v. Genworth Fin., Inc.*, 250 A.3d 842, 852 (Del. Ch. 2020) (citations omitted).

[23] *In re Corbett v. Corbett*, 2019 WL 6841432, at *4 (Del. Ch. Dec. 12, 2019) (citations and quotations omitted).

[24] *In re Maull*, 1994 WL 374302, at *2 (Del. Ch. June 9, 1994).

[25] 12 *Del. C.* § 202(a)(1)–(2).

IT IS HEREBY ORDERED this 8th day of December 2025, as follows:

1.      The Motion is **GRANTED.**

2.      The Plaintiff's filings fail to demonstrate standing, a threshold question this court must affirmatively answer before exercising judicial authority over a controversy. She is neither a beneficiary, creditor, nor executor to the Estate. Because there are no circumstances where the Plaintiff would inherit from the Decedent, the Plaintiff has no standing to challenge the administration of the Estate, and the Complaint must be dismissed.

3.      The Plaintiff argues that she was previously an alternate executor and co-trustee under the October 16, 2024 addendum. But that addendum is not valid or enforceable because it was not signed by Decedent and or any witnesses. On the record before me, the Plaintiff has failed to plead a legally cognizable interest in the Estate or its assets and, therefore, lacks standing to seek any relief relating to the Defendant's administration of the Estate. The Motion should be granted.

4.      This is a final report under Court of Chancery Rule 144.

**IT IS SO ORDERED**

*/s/ Selena E. Molina*
Senior Magistrate in Chancery
Selena E. Molina